UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.  5:08CR-35-V |
| | ) | |
| vs. | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| BLAINE VIRGIL SUTHERLAND, JR. | ) | TO DEFENDANT'S MOTION |
| _____ | ) | <u>TO SUPPRESS EVIDENCE</u> |

The United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, hereby responds defendant Sutherland's Motion to Suppress Evidence and moves this Honorable Court to deny said motion for the reasons set forth below.

<u>FACTS</u>

On August 14, 2007, Iredell County Sheriff's Office detectives were investigating confidential informant's information that the defendant was cultivating marijuana on his residential property located at 134 Valley Springs Drive, Harmony, NC. The detectives decided to do a "knock and talk" with the occupants of said property. After arriving at the residence, a female occupant identified as the defendant's live-in girlfriend opened a door of the residence. Once the door was opened, law enforcement officers trained in narcotics investigations smelled the unmistakable odor of marijuana.

The detectives secured the residence and proceeded to obtain a state search warrant after the defendant's girlfriend denied a law enforcement's request for a consent to search the residence and other buildings on the property. After having obtained the search warrant, Iredell County Sheriff's Office law enforcement officers executed the search warrant and discovered marijuana plants, paraphernalia and firearms.

## SUTHERLAND'S SUPPRESSION MOTION

Sutherland does not contest the sufficiency of the search warrant application, nor does he contest legal principle that law enforcement officers' may conduct a "knock and talk" without violating the Fourth Amendment. He claims, however, that the defense will develop additional facts that certain alleged actions by law enforcement officers will establish that "the officers were clearly getting ready to come inside anyway whether she (defendant's girlfriend) answered the door or not," and that the door to the residence was not opened voluntarily (Sutherland's motion, p. 4). The Government contests this claim, and will establish facts in support of its position at the evidentiary hearing on defendant's suppression motion.

## MEMORANDUM OF LAW

Sutherland acknowledges the law in this circuit that a Fourth Amendment violation does not occur when law enforcement officers "knock on a residence's door or otherwise approach the residence seeking to speak to the inhabitants." *Rogers v. Pendleton*, 249 F.3d 279, 289 (4th Cir. 2001). Sutherland further acknowledges that probable cause may be established by the "plain smell" doctrine, an extension of the "plain view" doctrine, where law enforcement officers may detect the readily-apparent odor of a controlled substance from a place where they are lawfully permitted to be. *United States v. Haley*, 201 F.2d 203 (4th Cir, 1982). He claims, however, that certain alleged actions by law enforcement officers forced the defendant's girlfriend to involuntarily open a door to the residence and, therefore, that any subsequent search, even pursuant the search warrant here, was tainted and in violation of the Fourth Amendment.

In the instant case, the defendant's girlfriend voluntarily opened the door. Under these circumstances, there was no Fourth Amendment violation. *United States v. Cephas*, 254 F. 3d 488,

2

(4th Cir. 2001) (voluntary response to officer's knock does not implicate Fourth Amendment; no evidence that officer used his authority to command that the door be opened.); *United States v. Taylor*, 90 F.3d 903 (4th Cir. 1996) (residential front entrance is as open to law enforcement as to any delivery person, guest or other member of the public); *Taylor*, F.3d at 909, quoting *Davis v. United States*, 327 F.2d 301, 303 (9th Cir. 1964) ("absent express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal *per se*, or a condemned violation of the person's right of privacy, for anyone openly and peaceably . . . to walk up to the steps and knock on the front door of any man's 'castle'. . . . whether the questioner be a pollster, a salesman, or an officer of the law."); Cf. *United States v. Mowatt*, 513 F.3d 395 (4th Cir. 2008) (occupant unvoluntarily opens door when opened "in response to a demand under color of authority). Law enforcement officers made no demand under color of authority that caused the defendant's girlfriend to open the door. The door was opened voluntarily, which act caused the "probable cause" odor to emanate from the residence and be detected by the olfactory skills of trained narcotics detectives. Thereafter, the search of the residence was executed pursuant to a valid state search warrant.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Honorable Court deny defendant Sutherland's Motion to Suppress Evidence.

Respectfully submitted this the 2nd day of January, 2009.

s/ Thomas A. O'Malley
GRETCHEN C. F. SHAPPERT, United States Attorney
Thomas A. O'Malley
Assistant United States Attorney
Thomas A. O'Malley Bar: State of Florida/310964
Attorney for the Plaintiff
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)
Tom.O'Malley@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on the 2nd day of January, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Deke Falls at deke@barnettfalls.com

s/ Thomas A. O'Malley
THOMAS A. O'MALLEY
Assistant United States Attorney